UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE BOATMAN,<br><br>    Plaintiff,<br><br>v.<br><br>HOUZZ INC.,<br><br>    Defendant. | Case No. 22-cv-00738-JSW<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 23 |

Now before the Court for consideration is the renewed motion to compel arbitration filed by Defendant Houzz Inc. ("Houzz"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the following reasons, the Court GRANTS Houzz's motion and STAYS this action.

**BACKGROUND**

A. **Factual Background.**

Houzz is an online platform focused on home renovation and interior design. (Second Amended Complaint ("SAC") ¶ 2.) Houzz allows design professionals to upload photos and other content showcasing their work to provide homeowners with inspiration, ideas, and referrals for renovation projects. (*Id*.)

Houzz provides additional services to its users. "Houzz Pro" is a marketing and management platform for remodeling and design professionals. (*Id*. ¶ 4.) Houzz allows third parties to sell home products directly to consumers through "Houzz Marketplace." (*Id*. ¶ 7.) Houzz offers "Houzz Photography Network" ("HPN") to connect professional photographers with Houzz Pro members in need of high-quality images. (*Id*. ¶ 9.) Houzz also provides "Visual

Match," a visual recognition tool that allows people to find and purchase the types of products found in the photographs seen on Houzz.  (*Id*. ¶ 10.)

Plaintiff Mike Boatman ("Plaintiff") is a professional photographer who joined Houzz in 2014.  (*Id*. ¶ 15; *see also* Dkt. No. 28-1, Declaration of Mike Boatman ("Boatman Decl."), ¶ 8.)  In 2016, Plaintiff enrolled in HPN to promote his photography to interior design professionals in the Houzz community.  (*Id*. ¶ 15.)  HPN members are required to have a Houzz profile to join HPN.  (*Id*. ¶ 48.)  To be listed in HPN, HPN members must upload at least five photos to their profiles.  (*Id*. ¶ 49.)  Plaintiff alleges that after uploading images, Houzz copied, distributed, displayed, and modified the images for its own purposes without his permission.  (*Id*. ¶ 52.)  He brings this action for copyright infringement seeking damages and injunctive relief.

When Plaintiff joined Houzz in 2014, he agreed to the Houzz Terms of Use ("TOU").  Dkt. No. 24-1, Declaration of Raymond Chan ("Chan Decl."), ¶ 3-7.)  Houzz users accept the TOU when they create accounts and perform certain actions on the service, including uploading images.[1]  (Chan Decl., ¶ 10; *see also id*., Ex. B. ("2016 TOU").)  The TOU governs "the use of products and services we offer through our website and applications (collectively the "Site" or "Houzz Platform").  (2016 TOU at 15.)  The TOU contains the following provision relevant to dispute resolution:

> **Arbitration.**   You and Houzz agree that any dispute, claim or controversy arising out of or relating to the this [sic] agreement or to your use of the Houzz Platform (collectively, "Disputes") will be settled by binding arbitration, except that each party retains the right to seek injunctive or other equitable relief in a court of competent jurisdiction to prevent the actual or threatened infringement, misappropriation, or violation of a party's copyrights, trademarks, trade secrets, patents, or other intellectual property rights.

(*Id*. at 17.)

The TOU further provides that the arbitration will be administered by the American Arbitration Association ("AAA") in accordance with the Commercial Arbitration Rules and the Supplementary Procedures for Consumer Related Disputes ("AAA Rules").  (*Id*.)

---

[1] The parties agree that if the TOU apply to Plaintiff's claims, the relevant version are those that were in effect in 2016.)

### B. Procedural Background.

Plaintiff originally filed this action against Houzz in the U.S. District Court for the Central District of Illinois on June 9, 2020. (Dkt. No. 1.) In response to Plaintiff's SAC, Houzz moved to compel arbitration and to dismiss for improper venue under Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. section 4, and Fed. R. Civ. P. Rule 12(b)(3). (Dkt. Nos. 23, 24.) Plaintiff opposed Houzz's motion to compel arguing that the TOU did not apply to his claims. (Dkt. No. 28.) Houzz filed a reply, and Plaintiff filed a sur-reply. (Dkt. Nos. 30, 32.)

On January 19, 2022, Judge Shadid of the Central District of Illinois issued an order denying Houzz's motion to compel arbitration and transferring the case to the Northern District of California. (Dkt. No. 34, "1/19/2022 Order"; *see also* Dkt. No. 36.) Plaintiff filed a petition for writ of mandamus with the United States Court of Appeals for the Seventh Circuit challenging the transfer of the case. Plaintiff subsequently agreed to accept the transfer of the case and dismiss the petition.

On February 4, 2022, the case was transferred and assigned to undersigned. (Dkt. No. 38.) The Court granted the parties' stipulation to resubmit Houzz's motion to compel arbitration for consideration by this Court. (Dkt. No. 44.) The Court permitted Houzz leave to file a supplemental brief in support of the motion to compel arbitration addressing the impact of the January 19, 2022 Order on Houzz's renewed motion to compel arbitration. (Dkt. No. 47.) The Court afforded Plaintiff the opportunity to respond, but Plaintiff did not submit a response to Houzz's supplemental brief. (*Id*.)

The Court will address additional facts as necessary in the analysis.

### ANALYSIS

### A. Applicable Legal Standard.

A party may petition a district court to compel the enforcement of an arbitration agreement. 9 U.S.C. § 4. Under the FAA, arbitration agreements "shall be valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." *Id*. § 2. The "central purpose of the [FAA is] to ensure that private agreements to arbitrate are enforced according to their terms." *Mastrobuono v. Shearson Lehman Hutton Inc.*, 514 U.S. 52,

3

53-54 (1995). The FAA represents a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Accordingly, courts resolve any doubts concerning the scope of arbitrable issues in favor of arbitration. *Id.* Notwithstanding the "liberal policy" favoring arbitration, agreeing to arbitrate "is a matter of contract[,] and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986). Therefore, courts must enforce arbitration agreements according to their terms. *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989).

### B. Plaintiff Consented to the Terms of Use.

The TOU include an arbitration provision which covers "any dispute, claim or controversy arising out of or relating to the this [sic] agreement or to your use of the Houzz Platform." (2016 TOU at 17.) It is undisputed that Boatman registered as a Houzz user in 2014. (SAC ¶ 15; *see also* Boatman Decl. ¶ 8.) Houzz provides sufficient evidence that Boatman would have been required to affirmatively check a box acknowledging and agreeing to Houzz's TOU when he registered for an account. (*See* Chan Decl., ¶¶ 4-8.) It is also undisputed that Boatman uploaded photos to Houzz. Houzz provides evidence that each time a user uploads images to Houzz, he agrees to the TOU. (Chan Decl., ¶ 10.)

Plaintiff does not dispute that he agreed to the TOU when he registered as a Houzz user in 2014 or that he affirmed his consent to the TOU when he uploaded photos. Instead, Plaintiff argues that the TOU do not apply at all because they do not encompass HPN. *See generally*, Opp'n. This argument, however, goes to the scope of the arbitration provision. As discussed below, questions about whether Plaintiff's claims fall within the scope of the arbitration provision are for the arbitrator to decide.

Plaintiff's attempts to create factual disputes about his consent to the TOU are unavailing. He offers no evidence to contradict Houzz's evidence that he agreed to the TOU when he registered as a Houzz user and every time he uploaded a photo. And the evidence he does submit undercuts his argument. For example, the HPN FAQ page, which Boatman attests he read, also links to the TOU, rebutting Boatman's assertion that "the HPN FAQ page contained no reference

4

to the general terms of use…" (Boatman Decl., ¶ 23; *id*. ¶¶ 20, 30; *see also id*., Ex. 6 at 3.). Thus, Houzz has shown that Plaintiff consented to the provisions in the TOU.

### C.  The Parties Delegated Questions of Arbitrability to the Arbitrator.

Plaintiff contends that (1) his claims do not fall within the scope of the arbitration provision because HPN is separate from the Houzz Platform and (2) he cannot be compelled to arbitrate his injunctive relief claims because the arbitration provision expressly excludes the right to seek injunctive relief. Houzz argues that the parties delegated these questions to the arbitrator, and so the Court may not decide these questions of arbitrability.

In deciding whether to compel arbitration, a district court determines two gateway issues: "(1) whether there is an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002). "However, these gateway issues can be expressly delegated to the arbitrator where the parties clearly and unmistakably provide otherwise." *Id*. (citing *AT&T Techs., Inc.*, 475 U.S. at 649). "When the parties' contract delegates the arbitrability question to an arbitrator, court may not override the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 526 (2019).

Courts have found the incorporation of the AAA rules into a contract constitutes clear and unmistakable evidence that the contracting parties agreed to arbitrate arbitrability. *See Brennan*, 796 F.3d at 1130; *Ramirez v. Elec. Arts Inc.*, No. 20-cv-05672-BLF, 2021 WL 843184, at *4 (N.D. Cal. Mar. 5, 2021) (finding incorporation of the AAA rules in agreement sufficient to demonstrate delegation of arbitrability to an arbitrator); *Gerlach v. Tickmark Inc.*, No. 4:21-CV-02768-YGR, 2021 WL 3191692, at *5 (N.D. Cal. July 28, 2021) (same).[2]

Houzz argues the phrase "any dispute, claim or controversy arising out of or relating to this

---

[2] Following *Brennan*, courts have diverged over whether the incorporation of arbitration rules, constitute "clear and mistakable" evidence that the parties intended for the arbitrator to decide arbitrability issues where one of the parties is "non-sophisticated." However, "[t]he 'greater weight of authority has concluded that the holding of [*Brennan*] applies similarly to non-sophisticated parties.'" *McLellan v. Fitbit, Inc.*, No. 3:16-CV-00036-JD, 2017 WL 4551484, at *2 (N.D. Cal. Oct. 11, 2017) (collecting cases).

5

agreement" signals the parties' intent to delegate the question of arbitrability. (2016 TOU at 17.) Additionally, Houzz points to the arbitration provision's incorporation of the AAA Rules. The AAA Rules provide "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." (*Id.*, *see also* Dkt. No. 24-2, Declaration of Shelby Pasarell, ¶ 2, Ex. A, "AAA Commercial Arbitration Rules and Mediation Procedures" at 13.) Plaintiff does not address the issue of delegation in his opposition or sur-reply. The Court finds the incorporation of the AAA rules in the arbitration provision in combination with the language of the arbitration provision sufficient to constitute a delegation of arbitrability to the arbitrator.[3]

Accordingly, questions about the validity of the arbitration agreement or whether Plaintiff's claims fall within its scope are questions for the arbitrator, not the Court, to decide.

**D.     The Court Does Not Apply Judge Shadid's Prior Ruling.**

In his order denying Houzz's motion to compel arbitration and transferring the case to the Northern District of California, Judge Shadid determined he was unable to compel arbitration because the TOU contained a forum selection clause specifying that arbitration be conducted in San Francisco, California, and under the FAA, he lacked the ability to compel arbitration in a forum outside the Central District of Illinois. (1/19/2022 Order at 3-4.) Thus, Judge Shadid denied Defendant's motion to compel arbitration and transferred the case to this district pursuant to 28 U.S.C. section 1404(a).

Although he denied the motion on this basis, Judge Shadid's ruling rejected Plaintiff's argument that the TOU does not apply to the images at issue because they were uploaded in connection with HPN, which is separate from and unrelated to Houzz. Judge Shadid found:

---

[3] Plaintiff also does not argue that the delegation provision itself is unconscionable, and the record does not support such a finding. *See Brennan*, 796 F.3d at 1132 ("Because a court must enforce an agreement that, as here, clearly and unmistakably delegates arbitrability questions to the arbitrator, the only remaining question is whether the particular agreement *to delegate* arbitrability—the Delegation Provision—is itself unconscionable.").

6

> **Clearly, HPN is part of the 'Houzz platform,' as it is a related 'product' and 'service' offered by Houzz**. Houzz invited Boatman to join HPN after he signed up for a general Houz account. In exchange for joining HPN, Houzz agreed to market Boatman's photography to other Houzz professionals. In exchange for Houzz marketing Boatman's photography, he was required to offer a discounted photography package to qualifying Houzz professionals. The fact that Houzz was not going to be a part of any contract Boatman subsequently entered into with other Houzz professionals is irrelevant to Boatman's pending claims against Houzz. Furthermore, HPN members are not a group of independent third-party photographers but include only those photographers who are "Houzz Pro" members. **As a result, this Court finds that HPN is a part of the "Houzz Platform" and therefore the TOU apply to this case.**

(January 19, 2022 Order at 2-3) (emphasis added). Thus, Judge Shadid expressly rejected Boatman's argument that the TOU, and by extension the arbitration provision, does not apply to this case. In its supplemental brief, Houzz asserts that the Court should not depart from Judge Shadid's ruling that the TOU covers this dispute.

Judge Shadid's ruling, however, did not decide the issue of delegation. To the extent the ruling that "the HPN is a part of the "Houzz Platform" and therefore the TOU apply to this case" addressed the scope of the arbitration provision, the Court does not apply that ruling here based on its determination that the parties delegated questions of arbitrability to the arbitrator.

E.   **The Court Stays the Action Pending Arbitration.**

Houzz requests the Court, in its discretion, either dismiss or stay the action. Plaintiff has not expressed a position on a stay versus a dismissal. The Court finds a stay of the litigation is more appropriate in this case given the determination that the threshold question of arbitrability is for the arbitrator.

//
//
//
//
//
//
//
//

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion to compel arbitration and STAYS the case. The parties shall file a joint status report regarding arbitration every 120 days from the date of this Order, informing the Court of the progress of arbitration. Within fourteen days of the arbitrator's decision as to whether the arbitration provision applies to Plaintiff's claims, the parties shall submit a status report to the Court informing it of the arbitrator's decision. If the arbitrator determines that all of Plaintiff's claims are covered by the arbitration provision, the Court will dismiss the action. Otherwise, the action will remain stayed until the arbitration concludes.

**IT IS SO ORDERED.**

Dated: April 7, 2022

JEFFREY S. WHITE
United States District Judge